UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LONNIE DEFORE DELANEY, | ) | 1:08-CV-00418 AWI SMS HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF |
| v. | ) ) | HABEAS CORPUS |
| DEBRA DEXTOR, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On March 24, 2008, the instant petition for writ of habeas corpus was received in this Court following transfer from the Central District of California.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to Specify Cognizable Federal Claims

Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases states:

> **Form**. The petition must:
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition is deficient because the Court cannot identify Petitioner's claims for relief or the facts supporting them. The petition purports to raise four claims for relief; however, not one of them sufficiently presents a cognizable claim. In ground one, Petitioner complains of a sua sponte omission of accomplice instructions. Yet, he fails to identify the instruction and why it was necessary. In ground two, he complains of a sua sponte omission of a self-defense instruction. Again, he fails to identify the self-defense instruction or why it was necessary. The remaining grounds are without any factual support. Following the petition, Petitioner attaches a copy of what appears to be a petition for writ of habeas corpus presented to the California Supreme Court, but no specific claim is mentioned, and nothing is mentioned in the petition relating the pleading to any claim. It is not the province of a federal habeas court to conduct an independent review of Petitioner's state court proceedings to determine what federal claims Petitioner seeks to raise; the responsibility to assert a claim for relief unquestionably belongs to the petitioner. See Adams v. Armontrout, 897 F.2d 332,333 (8th Cir. 1990) ("We do not believe that 28 U.S.C. § 2254 or the Section 2254 Rules require the federal courts to review the entire state record of habeas corpus petitioners to ascertain whether facts exist which support relief."); Bernier v. Moore, 441 F.2d 395, 396 (1st Cir.1971) ("Habeas

corpus is a special proceeding to right wrongs, not a routine procedure to search for them, nor a means of requiring the federal courts to review, as a matter of course, state proceedings."); Williams v. Kullman, 772 F.2d 1048, 1051 (2d Cir.1983) ("Despite our firm conviction that the pleading requirements in habeas corpus proceedings should not be overly technical and stringent, it would be unwise to saddle district judges with the burden of reading through voluminous records and transcripts in every case.").

C.  Failure to Exhaust State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations

of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the petition before the Court, Petitioner marks certain boxes indicating he has raised his claims to the California Supreme Court and therefore exhausted his claims. However, he then completely contradicts these indications by stating within each claim that he has raised them on direct appeal but not in petitions to the California Supreme Court. Therefore, it cannot be determined if the claims presented have been fully exhausted. Petitioner will be given an opportunity to file an amended petition due to the failure to state cognizable claims as discussed above, but Petitioner is advised that he must raise only fully exhausted claims in the amended petition. Failure to do so will result in dismissal of the action.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED with leave to amend for failure to state a claim cognizable under 28 U.S.C. § 2254.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

1  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
2  California.
3         Within thirty (30) days after being served with a copy, any party may file written objections
4  with the court and serve a copy on all parties.  Such a document should be captioned "Objections to
5  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
6  filed within ten (10) court days (plus three days if served by mail) after service of the objections.
7  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
8  parties are advised that failure to file objections within the specified time may waive the right to
9  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
10  IT IS SO ORDERED.
11  **Dated:    April 18, 2008**              /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE